

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN    11

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. C. Smith
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-6950

Re: The legality of the County Clerk's charging for the entire instrument where deed of trust records are printed requiring only blank spaces to be filled in from the deeds of trust left for recordation.

Your letter of November 8, 1945, requesting an opinion of this department, is quoted in part as follows:

"For the past several years the purchasing agent for Bosque County, with the approval of the Commissioners' Court, has been having printed sheets for the deed of trust records which are exact duplicates of the printed parts of the deeds of trust used by The Federal Land Bank of Houston. When one of these deeds of trust are filed for record in the office of the county clerk, the clerk uses this printed form, simply filling in the names, the description of the lands covered, and such other blanks as may be necessary, and charges the regular statutory recording fee for the entire instrument. . . .

"Just recently a local representative of The Federal Land Bank has contended that the clerk has no legal right to charge the regular fees allowed for recording the parts of these instruments which the county has had printed, but should only charge for the parts written in, such as the description of the lands, etc.

"Since these instruments, when properly filled in by the clerk, make an exact and accurate copy of the instrument filed for record, I have advised that the clerk has the right to collect the regular statutory fee allowed for the recording of the entire instrument."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable S. C. Smith, page 2

Article 6591, Revised Civil Statutes of Texas, provides:

"County clerks shall be the recorders for their respective counties; they shall provide and keep in their offices well-bound books in which they shall record all instruments of writing authorized or required to be recorded in the county clerk's office in the manner hereinafter provided."

Article 6595 of said statutes provides:

"Each recorder shall, without delay, record every instrument of writing authorized to be recorded by him, which is deposited with him for record, with the acknowledgments, proofs, affidavits and certificates thereto attached, in the order deposited for record by entering them word for word and letter for letter, and noting at the foot of the record the hour and the day of the month and year when the instrument so recorded was deposited in his office for record."

Article 3930, Revised Civil Statutes, providing for certain fees to be received by clerks of the county court, provides, among other things, the following:

"Recording all papers required or permitted by law to be recorded, not otherwise provided for, including certificate and seal, for each 100 words --- 15¢."

Having fully considered your request, it appears that you have correctly advised the clerk in the premises.

The foregoing statutes provide for the recording of instruments such as deeds of trust and prescribe the fee for such service. We find no language in these statutes to indicate the Legislature intended such fees payable only for each 100 words actually copied by hand or by the typewriter. No method by which such instruments shall be recorded is specified. In whatever manner the clerk enters such instruments of writing authorized and deposited with him for record, he is required only to take them without delay in the order deposited, and enter them word for word and letter for letter.

It is, therefore, the considered opinion of this department that the county clerk is entitled to charge the statutory fee for recording deeds of trust used by the Federal Land Bank

Honorable S. C. Smith, page 3

of Houston without such fees being limited to those words actually copied in the partially printed record.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By         Wm. J. R. King
                        Assistant

WmK:ICP

APPROVED NOV 23, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY GWB
CHAIRMAN